NOT RECOMMENDED FOR PUBLICATION

File Name: 15a0146n.06

No. 14-5521

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

FILED
Feb 25, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff–Appellee*, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESEE |
| TOMMY HOLMES, | ) | |
| *Defendant–Appellant*. | ) | |

Before: BOGGS, ROGERS, and STRANCH, Circuit Judges.

BOGGS, Circuit Judge. Defendant-Appellant Tommy Holmes appeals the district court's denial of his motion to suppress incriminating evidence found in his apartment. Holmes is a convicted sex offender under lifetime community supervision who violated Tennessee law when he failed to report to appropriate authorities following his release from prison. After obtaining a warrant to arrest him for failing to report, police arrested Holmes at the apartment that he shared with his wife. The arresting officers immediately asked for and obtained consent from Holmes's wife to search the apartment, where they found a handgun. Holmes was charged with and convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to 115 months in prison.

The arrest-warrant affidavit stated that Holmes's reporting deadline was "on or about November 17, 2011," but the actual deadline was December 1, 2011. Holmes filed a motion to

1

suppress, arguing that this two-week discrepancy was a false statement that invalidated the arrest warrant, and the taint of his unlawful arrest required suppression of evidence found in the subsequent search of his apartment. The district court denied his motion to suppress, and Holmes challenges that denial in his appeal from his conviction. We affirm.

## I.     BACKGROUND

On February 24, 2013, the Memphis Police Department received an anonymous tip through its CyberWatch website that Tommy Holmes "has been brandeshing [sic] a pistol and trying to intimidate residents at the Timber Pines Apt." The tipster also noted that Holmes claimed to be a convicted sex offender and likely resided in an apartment registered to his wife, Sheila Holmes. *Ibid*.

Detective Brandon Evans called Agent McDavis of the Tennessee Department of Corrections ("TDC") to ask whether Holmes was on probation or parole. McDavis searched the Tennessee Offender Management Information System ("TOMIS") and found that Holmes was under community supervision as a sex offender and was required to report regularly to the Programmed Supervision Unit ("PSU"). McDavis contacted PSU manager Joe Williams, who discovered that Holmes had never reported to the PSU in the 15-month period following his release from prison in November 2011.

Williams directed TDC probation officer Maryetta Rudd to prepare an affidavit to support an arrest warrant for Holmes's failure to report. Rudd drafted the affidavit, which stated that:

> Mr. Holmes is classified as a violent Sex Offender and therefore is required by State Law to report to Tennessee Department of Corrections Board of Probation and Parole in person within 72 hours after his release from incarceration. [Holmes] has violated Rule#1 of his Community Supervision of Life Certificate, which states, "I will proceed directly to my destination and upon arrival report immediately to my Probation/Parole Officer or in any event no later than 72 hours after release." Count #1M: On or about November 17th, 2011 Mr. Holmes failed

2

   to report in person to Tennessee Department of Correction Probation and Parole
   within the allotted 72-hour period.

Affidavit of Complaint, R. 24-2 Page ID #42. In drafting the affidavit, Rudd relied on the official judgment from Holmes's rape conviction to estimate the reporting deadline as November 17, 2011, seventy-two hours from the release date indicated on the official judgment. She was aware of, but disregarded, TOMIS documents indicating that Holmes was still in prison as of November 23, 2011. If she had looked further on TOMIS, she would have found a document indicating that Holmes remained in prison until November 28, 2011, which would mean that his reporting deadline was December 1, 2011.[1] Rudd testified that she relied on the judgment order because it was official and because TOMIS records frequently contained errors. She further testified that she used the phrase "on or about" to qualify the reporting-deadline date because she was uncertain as to the accuracy of the release date. In any event, at the time Rudd wrote the affidavit, Holmes had not reported in 15 months.

  Based on Rudd's affidavit, a judicial officer issued an arrest warrant for Holmes. Detective Evans and another police officer visited Sheila Holmes's address. Tommy Holmes answered the door and told the officers that he did not live at the apartment. Report and Recommendation ("R & R") at 13. The officers arrested Holmes, secured him in their police car that was parked outside, and immediately returned to the apartment to ask for Sheila Holmes's consent to search the apartment. *Ibid.* She consented to the search, and the officers found a handgun, which Sheila Holmes said did not belong to her or her son.

  Tommy Holmes was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Holmes filed a motion to suppress the handgun evidence on the ground that the two-week reporting-deadline discrepancy was a false statement that invalidated the warrant

---

[1] This date presumes a 72-hour deadline. Tennessee law actually requires sex offenders who are released from prison to report within 48 hour of being released. Tenn. Code. Ann. § 40-39-203(b)(2) (2010 & Supp. 2013).

and made his arrest unlawful, and that the unlawful arrest tainted any evidence found during the subsequent search of his apartment. The magistrate judge, after holding a suppression hearing, recommended denying his motion. R & R at 3. The magistrate judge found that the arrest warrant was valid because (1) the affidavit did not contain a deliberately or recklessly false statement, and (2) the affidavit would still have provided probable cause to support an arrest warrant even if the disputed statements were excised. *Id.* at 22-24**.** Further, the magistrate judge found that Mrs. Holmes's consent was sufficiently attenuated from the arrest that, even if the arrest had been based on an invalid warrant, the evidence derived from the search should not be suppressed. *Id.* at 29**.**

The district court denied Holmes's motion to suppress and adopted the magistrate judge's findings that the arrest was lawful because the affidavit did not contain a deliberately or recklessly false statement, and that Mrs. Holmes's consent to the search the apartment would have shielded the search from the taint of an unlawful arrest. *United States v. Holmes*, No. 13-20240, 2014 WL 29597, at *3 (W.D. Tenn. Jan. 3, 2014). Holmes pleaded guilty and was sentenced to 115 months in prison. Holmes reserved the right to appeal the denial of his motion to suppress in his plea agreement and now appeals.

## II. STANDARD OF REVIEW

In the search context, we review for "clear error the district court's finding about the truth or falsity of statements in [an] affidavit, and about the reckless character of any falsehoods." *United States v. Elkins*, 300 F.3d 638, 649 (6th Cir. 2002). If there are deliberate or reckless falsehoods, we review de novo the question of whether those errors were material to the warrant. *Ibid.* Evidence is considered in the light most favorable to the Government. *United States v. Beauchamp,* 659 F.3d 560, 565-66 (6th Cir. 2011). "While we review the determination of the

ultimate question of whether there was consent *de novo,* we must afford due weight to the factual inferences and credibility determinations made by the district court." *Id.* at 566.

### III.     DISCUSSION

Under *Franks v. Delaware*, 438 U.S. 154 (1978), "a search based on a warrant that contains deliberately or recklessly false allegations is invalid unless the remaining portions of the affidavit provide probable cause." *United States v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998). When assessing whether to suppress evidence because of allegedly false statements in an affidavit, we apply a two-part test: "(1) whether the defendant has proven by a preponderance of the evidence that the affidavit contains deliberately or recklessly false statements and (2) whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant." *Ibid.*

Holmes argues that the affidavit's reporting deadline of "on or about November 17, 2011" was a deliberately or recklessly false statement because Holmes's actual reporting deadline was December 1, 2011. The district court held that Holmes could not meet his burden under the first part of the *Franks* test for two reasons. First, the discrepancy was not a false statement because it fell within the permissible variance provided by the "on or about" language. *Holmes*, 2014 WL 29597, at *3. Second, the discrepancy was not the product of Rudd's deliberate or reckless conduct. *Ibid.*

In the indictment context, "[w]here 'on or about' language is used, the government is not required to prove the exact date, if a date reasonably near is established." *United States v. Martin*, 516 F. App'x 433, 444 (6th Cir. 2013) (quoting *United States v. Nersesian*, 824 F.2d 1294, 1323 (2nd Cir. 1987), *cert. denied,* 484 U.S. 958 (1987)). However, this is not because qualifying an alleged date of transgression with "on or about" language makes a discrepancy

5

between that date and the actual date of transgression a factually true statement. Rather, it is because a "reasonably near date" does not amount to a material variance against the defendant. *Nersesian*, 824 F.2d at 1323. *See also United States v. Ford*, 872 F.2d 1231, 1236 (6th Cir. 1989). In the warrant context, the proper question is therefore whether a discrepancy materially affected the validity of the warrant.

We need not make a materiality determination because Holmes fails to meet his burden to show that the discrepancy was the result of Rudd's deliberate or reckless conduct. Rudd relied on the official judgment rather than TOMIS to estimate "November 17, 2011" as Holmes's reporting deadline. Holmes argues that it was reckless for Rudd to have disregarded TOMIS documents because sentences are often recalculated after a judgment, and TOMIS provides up-to-date sentencing information. Appellant's Br. at 21-24. However, Rudd's undisputed testimony indicates that TOMIS also contains frequent errors. Therefore, it was not obviously unreasonable for her to rely on an official judgment rather than TOMIS. Further, while the affidavit contained a two-week reporting-deadline discrepancy, that discrepancy was minor in light of Holmes's 15-month failure to report. Because affidavits are typically drafted by non-lawyers in the midst of a time-sensitive investigation, "[m]inor discrepancies in the affidavit may reflect mere inadvertence or negligence, rather than the reckless falsehood that is required for exclusion." *Elkins*, 300 F.3d at 649.

We review the district court's decision as to whether an affidavit contains a deliberately or recklessly false statement under a clear-error standard. If the district court chooses one of several permissible views of the evidence, its conclusion is not clearly erroneous. *United States v. Worley*, 193 F.3d 380, 384 (6th Cir. 1999). Because the two-week reporting-deadline discrepancy is minor in comparison to Holmes's 15-month failure to report, and in light of

TOMIS's vulnerability to error, the evidence permits a conclusion that Rudd did not deliberately or recklessly disregard the truth in relying on the official judgment to estimate Holmes's reporting deadline. Having concluded that Holmes fails to meet his burden under the first part of the *Franks* test, we need not consider the second part of the test to affirm the district court's judgment that Holmes was arrested pursuant to a valid warrant.

## IV.    CONCLUSION

Accordingly, we AFFIRM the judgment of the district court, and uphold its denial of Holmes's motion to suppress.